TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-

01-00235-CR







Ruben Lozano Borrego, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF IRION COUNTY


NO. CR01-2886, HONORABLE SID J. MABRY, JUDGE PRESIDING





 After the county court denied his motion to suppress evidence, Ruben Lozano
Borrego pleaded guilty to the offense of driving while intoxicated, second offense, and was
sentenced to ninety days in jail and a $500 fine, probated for eighteen months. See Tex. Penal Code
Ann. §§ 49.04, 49.09 (West Supp. 2002). The county court permitted Borrego to bring this appeal
in which he asserts that the county court erred by denying his motion to suppress evidence. We will
affirm the county court's denial of the motion to suppress.

 The only testimony at the hearing on the motion to suppress came from the arresting
officer, Irion County Deputy Sheriff Rob Reagan. He testified that he was "working radar" driving
eastbound on United States Highway 67. He met a car that was travelling westbound at between fifty
and fifty-five miles per hour. Very shortly thereafter, Reagan reached the county line, the end of his
jurisdiction, and turned around. He noticed that the westbound car, now in front of him, eased over
onto the shoulder and eventually came to a stop in a bar ditch. Though Reagan had noticed no illegal
driving, he pulled off the road behind the stopped car to check on the welfare of the driver; he said
he was concerned that the car might have a flat tire, engine problems, or no gas or that the driver
might be suffering a health problem.

 Reagan said that before he got completely out of his patrol car, the driver stepped out
of his vehicle and walked back toward the patrol car. Reagan noticed an extremely strong odor of
alcohol. He asked the driver, Borrego, if he needed help. Borrego replied that he stopped in order
to shut the passenger door completely and to stretch his legs. Regan noted that Borrego's speech was
somewhat slow and slurred, that Borrego's breath was the source of the alcohol odor, and that 
Borrego was unsteady on his feet. Reagan said that these factors indicated intoxication and that he
considered his subsequent actions part of a criminal investigation.

 Reagan asked Borrego for identification and asked if he had had anything to drink. 
Borrego replied that he had consumed about a twelve-pack. Reagan arrested Borrego.

 Borrego moved to suppress all evidence seized as a result of the seizure and arrest. 
He contended that the stop which led to the arrest was not within the community-caretaking
exception. See Cady v. Dombrowski, 413 U.S. 433, 441 (1973); Wright v. State, 7 S.W.3d 148, 151-52 (Tex. Crim. App. 1999) (listing four nonexhaustive factors gauging reasonableness of caretaking
stop). He contends that a caretaking stop was not supported because he did not exhibit distress, was
on a well-traveled highway, did not need assistance, and did not present a danger to himself or others
at the time Reagan stopped him. See id. at 152.

 The court denied the motion to suppress. Borrego pleaded guilty, but appeals the
denial of his motion to suppress.

 On appeal, Borrego contends that the State failed to carry its burden to prove that its
warrantless arrest of him was legal. See Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App.
1986). He maintains that, because his arrest was not made within the community-caretaking or any
other exception, any evidence was obtained pursuant to an illegal arrest and was not admissible.

 Not every encounter between a civilian and a police officer is of constitutional
dimension. A police officer may approach a person without probable cause or reasonable suspicion
to ask questions or even to request a search. See Florida v. Royer, 460 U.S. 491, 497-98, (1983); 
Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); Armstrong v. State, 966 S.W.2d
150, 152 (Tex. App.--Austin 1998, no pet.). So long as the person remains free to disregard the
officer's questions and go about his business, the encounter is consensual and merits no further
constitutional analysis. See Johnson, 912 S.W.2d at 235 (citing California v. Hodari D., 499 U.S.
621, 628, (1991)); State v. Shamsie, 940 S.W.2d 223, 225 (Tex. App.--Austin 1997, no pet.). The
Fourth Amendment and article one, section nine are invoked only when the encounter rises to the
level of a seizure. Under both the federal and state constitutions, a person is seized when he yields
to an officer's show of authority under circumstances in which a reasonable person would believe
he is not free to leave. See Johnson, 912 S.W.2d at 236; Shamsie, 940 S.W.2d at 225.

 The only evidence shows that the initial encounter between Borrego and Reagan was
not an officer-initiated stop. Borrego stopped of his own volition, and then Reagan pulled in behind
him. The community-caretaking factors are inapplicable because Reagan did not stop Borrego. See
Wright, 7 S.W.3d at 150. Because Reagan specifically denied having any suspicions of criminal
activity before he got out of his car, the encounter only gained constitutional dimensions when
Borrego exhibited signs of intoxication, which occurred before Reagan was completely out of his
patrol car. After that, Borrego's exhibition of classic and numerous signs of intoxication justified
Reagan's investigation and arrest of Borrego. We resolve the sole issue presented in favor of the
denial of the motion to suppress.

 We affirm the judgment of conviction.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 22, 2002

Do Not Publish